
Entered on Docket
June 20, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: June 17, 2011

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 11-30629 SFC |
| JOHN STEWART DAVIDSON, | ) Chapter 13 |
| Debtor. | ) |

### MEMORANDUM RE LESSOR CLAIRE CARROLL'S
### THIRD MOTION FOR RELIEF FROM STAY

On June 16, 2011, this court held a hearing re Lessor Claire Carroll's third motion for relief from stay. William E. Gilg appeared for Lessor. Debtor appeared <u>in pro per</u>. Upon further consideration of the record, the court determines that the oral ruling stated at the hearing was in error, and for the reasons stated below, determines that the motion should be denied.

At a hearing on May 16, 2011, this court issued an oral decision that Debtor must permit Lessor to inspect the leased premises. Later that day, Lessor delivered to Debtor a written notice that Lessor wished to inspect the premises on May 18, 2011. Debtor promptly delivered a letter to Lessor stating that Debtor


MEMORANDUM RE LESSOR CLAIRE CARROLL'S
THIRD MOTION FOR RELIEF FROM STAY         -1-

would not afford Lessor access to the premises until this court entered a written order. Such an order was entered on May 18, 2011. Lessor filed this current motion on May 24, 2011. There is no evidence in the record that Lessor made an attempt to schedule an inspection after the written order was entered and before filing the current motion.

The May 18th order was in large measure an attempt to preserve the peace by directing each party to act lawfully and civilly toward the other. It is debatable whether Debtor acted in good faith in demanding to see the court's written order before complying with the clear oral ruling issued on May 16th. It is not debatable that Lessor did not act in a manner consonant with the letter and spirit of the May 18th order in filing a third motion for relief from stay without first attempting to schedule a new date and time for inspection after the written order was entered.

The statements of Lessor's counsel at prior hearings suggest that Lessor and her counsel believe Lessor is entitled to relief from stay to terminate Debtor's tenancy because she and her husband find Debtor's continued presence personally intolerable. This court does not believe that is the standard for determining cause for relief from stay. Rather, this court will refine its prior order in an attempt to require both compliance with the lease and civil conduct, and will grant relief from stay if Debtor materially breaches the terms of that written order without provocation by Lessor.

I also note that Debtor is far from blameless in this situation. The May 18th order does not permit Debtor to decide that a scheduled inspection is unreasonable. Debtor has breached

the spirit of the May 18th order by offering one reason for delay after another, so that Lessor has not been able to inspect the premises for more than 30 days after the May 18th order. Relief from stay is denied at this time solely because Lessor "went nuclear" by filing the present motion prematurely. Any continued legalistic refusal by Debtor to comply with the spirit as well as the letter of this court's orders will result in prompt relief from stay.

    The court will issue an amended order specifying in greater detail the procedures governing Lessor's inspection of the premises.

    Both parties are advised that the party that will prevail in this relief from stay dispute is the party that acts most reasonably, not the party that is the most aggressive.

**\*\*END OF MEMORANDUM\*\***

## Court Service List

John Stewart Davidson
331B N. Delaware Street
San Mateo, CA 94401

Wlliam E. Gilg, Esq.
Law Offices of William E. Gilg
305 San Bruno Avenue West
San Bruno, CA 94066

**MEMORANDUM RE LESSOR CLAIRE CARROLL'S
THIRD MOTION FOR RELIEF FROM STAY        -4-**