

Signed and Filed: September 06, 2011

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | ) Case No. 11-30629 SFC |
| JOHN STEWART DAVIDSON, | ) Chapter 13 |
| Debtor. | ) |

**MEMORANDUM RE DEBTOR'S MOTION TO REINSTATE CHAPTER 13 CASE**

On September 2, 2011, the court held a hearing on Debtor's motion to reinstate his chapter 13 case, after the court had dismissed the case by order entered on August 15, 2011. Debtor appeared in pro per. Badma Gutchinov appeared for lessor Claire Carroll (Landlord). Upon due consideration, Debtor's motion is granted upon the conditions set forth below.

**FACTS**

Debtor filed a chapter 13 case in pro per on February 18, 2011. Debtor's initial chapter 13 plan provided for Debtor to make a monthly payment to the trustee of $550 per month for 24 months, then $250 for 36 months. This plan was impractical, because Landlord had filed a motion for relief from stay, and the court entered an adequate protection order requiring Debtor to pay $500 directly to Landlord each month to cure the prepetition arrearage on the lease. On the motion of the chapter 13 trustee, the court

ordered Debtor to file an amended chapter 13 plan under which Debtor would pay postpetition rent directly to Landlord and Debtor would pay the prepetition default through the trustee.

The court ordered Debtor to file the amended plan, and make the payment to trustee required under that plan, by August 1, 2011. Debtor submitted the plan and the required payment to trustee by August 1, 2011, but did not actually file the plan with the court until August 4, 2011. The court entered an order dismissing the case on August 15, 2011, because of Debtor's failure timely to file the amended chapter 13 plan.

Debtor's lease required him to pay rent of $1,400 per month, and the court's Order Modifying May 4, 2011 Order re Claire Carroll's Motion for Relief from Stay (the Adequate Protection Order), entered July 27, 2011, required Debtor to pay that amount to Landlord as a condition to maintaining the automatic stay. Sometime before September 1st, Landlord gave notice to Debtor that the rent was raised by ten percent to $1,540 per month. Debtor had not paid that rent as of the September 2nd hearing, stating that he was not sure he was required to do so in light of the terms of the Adequate Protection Order. Debtor acknowledged at the hearing that the rent had not been raised for more than five years.

Debtor did not make a payment to the trustee by September 1st, as required by this court's Order re Chapter 13 Trustee's Motion to Dismiss, entered on July 22, 2011. Debtor stated at the hearing that he did not make the payment, because his case had been dismissed, but that he was prepared to make the payment promptly.

**DISCUSSION**

Debtor's motion to vacate dismissal should be granted, because Debtor substantially complied with the court's July 22, 2011 order,

and because the principal purpose of that order was to coordinate Debtor's chapter 13 plan with the Adequate Protection Order, because the chapter 13 trustee did not oppose the motion to vacate dismissal, and because Debtor timely made the payment to Landlord required under the court's July 22, 2011 order. Relief from dismissal is conditioned upon Debtor delivering the September plan payment to trustee by September 12, 2011.

     Whether Debtor has complied with the Adequate Protection Order is a more complex question. Debtor did not pay the September rent by September 1st, but Landlord demanded rent in excess of that specified in the Adequate Protection Order. In light of the fact that Landlord has not increased the rent in five years, the ten percent increase is reasonable and should be effective September 1, 2011. In light of the fact that Landlord demanded rent in excess of that specified in the Adequate Protection Order, Debtor should not be required to make the payment before this court clarified whether the rent increase was permissible. The stay will remain in effect if, and only if, Debtor pays $1,540 to Landlord by September 12, 2011 and Debtor pays the September plan payment to the chapter 13 trustee by the same date. The court will amend the Adequate Protection Order in accordance with the above.

**END OF MEMORANDUM**

## Court Service List

John Stewart Davidson
331B N. Delaware Street
San Mateo, CA 94401

Wlliam E. Gilg, Esq.
Law Offices of William E. Gilg
305 San Bruno Avenue West
San Bruno, CA 94066